**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS VILLANEDA, | No. 21-56160 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-10485-SHK |
| v. | |
| KELLY SANTORO, Acting Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
H. H. (Shashi) Kewalramani, Magistrate Judge, Presiding

Submitted February 14, 2023**
Pasadena, California

Before: O'SCANNLAIN, HURWITZ, and BADE, Circuit Judges.

Luis Villaneda appeals the district court's denial of his 28 U.S.C. § 2254

petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291

and 2253, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo a district court's denial of a petition for a writ of habeas corpus. *Kipp v. Davis*, 971 F.3d 939, 948 (9th Cir. 2020); *see Scott v. Schriro*, 567 F.3d 573, 580 (9th Cir. 2009) (per curiam) (explaining that de novo review applies to denial of relief based on a procedural bar). Our review is constrained by the deferential standards established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as to "any claim that was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d).

1.      To the extent Villaneda challenges the state court's application of California Civil Procedure Code § 237, his claim is not cognizable on federal habeas review. "[A] federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (internal quotation marks and citation omitted). "[F]ederal habeas corpus relief does not lie for errors of state law." *Id.* (citations omitted).

2.      The district court properly determined that the state respondents did not waive a procedural bar defense to Villaneda's claim that his due process rights were violated when he appeared in restraints in presence of the jury. Although the state's original response to the habeas petition did not assert a procedural bar, the petition did not clearly present a due process shackling claim. After the district court notified the parties that it broadly construed the petition as including this

2

claim and invited supplemental briefing, the state government asserted the procedural bar. *See Windham v. Merkle*, 163 F.3d 1092, 1100 (9th Cir. 1998) (explaining that in the "interests of justice, comity, federalism, and judicial efficiency," the district court can consider a procedural bar when warranted by the circumstances).

3.      "The procedural bar doctrine prohibits a federal court from granting relief on the merits of a state prisoner's federal claim when the state court denied the claim based on an independent and adequate state procedural rule." *Ayala v. Chappell*, 829 F.3d 1081, 1095 (9th Cir. 2016); *see Martinez v. Ryan*, 566 U.S. 1, 10 (2012) (discussing grounds to overcome a procedural bar). The California Court of Appeal denied review of Villaneda's due process shackling claim as procedurally barred under state law, noting that Villaneda did not timely object to the handcuffing. California courts recognize and consistently apply a contemporaneous objection rule, *see Fairbanks v. Ayers*, 650 F.3d 1243, 1256–57 (9th Cir. 2011), and have applied a similar rule in the context of shackling, *see People v. Ward*, 114 P.3d 717, 731 (Cal. 2005). Villaneda has not presented, or established, a basis to overcome the procedural bar.[1]

**AFFIRMED.**

---

[1] We grant Villaneda's unopposed motion to take judicial notice. Dkt. 17.